UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK W. CUTLER,<br><br>              Petitioner,<br><br>v.<br><br>WARDEN SMITH,<br><br>              Respondent. | Case No. 1:10-CV-00304-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this habeas corpus action is Respondent's Motion to Dismiss (Dkt. 15) and several motions filed by Petitioner (Dkt. 9, 10, 12, 17, 18, & 20). Having reviewed the parties' briefing, as well as the state court record in this matter, the Court concludes that oral argument would not aid in the decisionmaking process. Accordingly, the Court enters the following Order.

## BACKGROUND

Petitioner pleaded guilty to and was convicted of felony Driving Under the Influence in a state criminal action filed in the Fifth Judicial District Court in Blaine County, Idaho. Judgment of conviction was entered on July 17, 2000. (State's Lodging A-1, pp. 35-37.) Petitioner received a sentence of two years fixed, with three years indeterminate. Petitioner filed a direct appeal, challenging his sentence. (State's Lodgings

B-1 to B-10.) A remittitur, issued on September 14, 2001, was withdrawn on October 24, 2001. (State's Lodging B-8.) The final remittitur was issued on December 18, 2001, concluding the direct appeal. (*Id*., B-10.)

Petitioner next filed a Rule 33 motion to withdraw his guilty plea on August 28, 2008 (mailbox rule) or September 4, 2008 (filing date). The district court denied the motion on the merits, but the Idaho Court of Appeals determined that the district court was without jurisdiction to adjudicate the merits of the motion because the motion was filed after judgment became final. (State's Lodging D-4.) Petitioner filed a petition for review with the Idaho Supreme Court, which was denied. The remittitur was issued on May 24, 2010. (State's Lodgings D-5 through D-8.)

In his federal Petition for Writ of Habeas Corpus, Petitioner brings two claims: failure to appoint counsel under the Fifth and Sixth Amendments, and unreasonable search and seizure under the Fourth Amendment. Respondent has filed a Motion to Dismiss on several grounds, including failing to meet the "in custody" requirement at the time of filing, untimeliness, and procedural default. Because the Court concludes that the Petition is subject to dismissal with prejudice because it was not filed within the one-year statute of limitations period, the Court will not address Respondent's alternative arguments for dismissal.

# REVIEW OF MOTION TO DISMISS

**1.      Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. It is appropriate for the Court to take judicial notice of court dockets from state court proceedings. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Because Petitioner's federal habeas corpus petition was filed after AEDPA's enactment date, it is subject to the one-year statute of limitations.

Title 28 U.S.C. § 2244(d)(1) provides that the one-year statute of limitations is triggered by one of four events:

>      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitations is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

However, once the federal statute of limitations has expired, a later-filed state court action will not serve to reinstate or resurrect the federal statute of limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner was not entitled to tolling for state petitions filed after federal time limitation has run).

If, after applying statutory tolling, a petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling

bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418. To qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time. The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, n.3 (9th Cir. 1999).

2.  Discussion

As set forth above, after Petitioner's judgment of conviction was entered, he filed a direct appeal. The final remittitur in that action was issued on December 18, 2001. Petitioner had ninety days from December 18, 2001, in which to file a petition for writ of certiorari with the United States Supreme Court, which would have been through March 18, 2002.

Petitioner's federal statute of limitations began running on March 18, 2002, and continued for one year, until March 18, 2003, when it expired. Petitioner filed no state post-conviction collateral proceeding during that time period that would have statutorily tolled the statute of limitations. Therefore, Petitioner's federal filing, on June 15, 2010 (mailbox rule), was too late to toll the statute, which had expired seven years earlier.

Petitioner's Rule 33 motion to withdraw his guilty plea, filed on September 4, 2008, was too late to statutorily toll the statute of limitations. In addition, because the state courts determined that Petitioner's Rule 33 motion was untimely, it was not a "properly filed" collateral challenge that would entitle him to statutory tolling under

**MEMORANDUM DECISION AND ORDER - 5**

§ 2244(d)(2). *See Pace v. DiGulguglielmo*, 544 U.S. at 417.

Petitioner argues that the decision of the United States Supreme Court in *Jimenez v. Quarterman*, 555 U.S. 113, 129 S.Ct. 681 (2009), supports his argument that the federal statute of limitations began anew after Petitioner filed his Rule 33 motion. Petitioner's reliance on *Jimenez* is misplaced. In that case, the United States Supreme Court determined that if a state court re-opens the direct appeal time period, then the federal habeas corpus statute can run again from that date.[1] 555 U.S. at 686. In Petitioner's case, the Idaho Court of Appeals did not *re-open* the *direct appeal* time period when Petitioner filed his Rule 33 motion; rather, the Court of Appeals determined that, because Petitioner's Rule 33 motion was untimely, it could not be adjudicated on the merits. (State's Lodging D-4.) As a result, for habeas corpus statute of limitation purposes, Petitioner's Rule 33 motion was simply an untimely post-conviction application that is governed by the rule in *Ferguson v. Palmateer* (late actions do not toll or restart the habeas corpus statute of limitations), rather than *Jimenez v. Quarterman*.

---

[1] In *Jimenez*, the Court emphasized:

> Our decision today is a narrow one. We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

*Id.*, 129 S.Ct. at 686-87.

**MEMORANDUM DECISION AND ORDER - 6**

Petitioner also argues that he did not discover facts supporting his "actual innocence" of the DUI crime until 2009, and that late discovery should reopen or extend the statute of limitations. (Response, Exhibit 2, Dkt. 21-3.) Petitioner relies on § 2244(d)(1)(D), providing that the statute of limitations can run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Petitioner argues that he "exercised all the diligence that he had by making literally hundreds of calls to his Father before he felt comfortable asking for the affidavit that the car he was in was not in an accident, the only way a peace officer, pursuant to Idaho state law, in 2000, could compel a blood draw." (Response, Dkt. 21, p. 14.) Petitioner has provided the Affidavit of his father, Carl William Cutler, which states that, when the father picked up the car from the towing company, it had "no scratches or other damage," and he was told by the tow driver that "it was stuck in a snow bank at Woodside." (Affidavit of Car William Cutler, Dkt. 21-3, pp. 2-3.)

Petitioner's argument fails because the factual predicate of the claim was already known to Petitioner at the time he was charged with the crime. First, Petitioner himself had knowledge that the car had not been in an accident, and he could have produced the car or photographs of the car at trial to prove this point. Second, Petitioner could have called his father and the tow truck driver to court to testify under subpoena about the condition of the car. Petitioner's facts simply do not fit the requirements of § 2244(d)(1)(D), and, thus, his statute of limitations on his current claims did not start in

**MEMORANDUM DECISION AND ORDER - 7**

2009, when he obtained the Affidavit from his father.

Nor do these facts fit § 2244(d)(1)(B), because Petitioner has not identified an "impediment to filing an application created by state action" that fits within the interpretation of that subsection as defined by the higher courts. In *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005), the United States Court of Appeals for the Ninth Circuit rejected Petitioner Shannon's argument that the substantive decision of the state court constituted a "state-created impediment." *Id.* at 1087.

The Court explained:

> We are not persuaded . . . that the state appellate court's decision was an "impediment" to Shannon's filing a habeas petition. He was free to file such a petition at any time. Shannon's real objection is that the state court's decision determined state law in a way that provided no legal basis for a federal habeas petition: since the state court held that the challenged instruction accurately defined voluntary manslaughter under California law, Shannon could not successfully argue in federal court that the instruction was so mistaken as to violate due process.
>
> * * *
>
> The limited case law applying § 2244(d)(1)(B) has dealt almost entirely with the conduct of state prison officials who interfere with inmates' ability to prepare and to file habeas petitions by denying access to legal materials. *See, e.g., Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000) (*en banc*); *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003). A plurality of the Supreme Court has also suggested that the provision would apply if a "state court ... refuse[d] to rule on a constitutional claim that ha[d] been properly presented to it." *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 405, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (plurality op. of O'Connor, J.). These cases comport with the plain meaning of the provision, which applies when a petitioner has been impeded from filing a habeas petition.

*Id.* at 10876-88.

**MEMORANDUM DECISION AND ORDER - 8**

Following *Shannon* and the cases cited therein, the Court concludes that the state court's refusal to entertain a late-filed post-conviction motion based on a well-established state jurisdictional rule governing finality of criminal convictions, as in Petitioner's case, is not an "impediment" under § 2244(d)(1)(B). (State's Lodging D-4, p. 2.) Neither is Petitioner's inability to convince his father to sign an affidavit for him a "state-created" impediment.

Petitioner also argues that his failure to meet the federal statute of limitations should be waived because he is actually innocent. However, while the United States Court of Appeals for the Ninth Circuit previously left open the question of whether there was an "actual innocence" exception to the AEDPA statute of limitations, that Court foreclosed that argument in *Lee v. Lampert*, 610 F.3d 1125 (9th Cir. 2010). There, the Court held that, as a matter of first impression in the circuit, the petitioner's claim of actual innocence was not an exception to the AEDPA one-year statute of limitations. *Id.* at 1133.

As to equitable tolling, Petitioner argues that his original trial counsel gave him bad advice on whether to plead guilty and that the trial court would not permit Petitioner to fire his trial counsel or proceed in forma pauperis. While an "extraordinary" instance of attorney failure can be grounds for equitable tolling, the attorney's conduct must amount to "far more than 'garden variety' or 'excusable neglect.'" *Holland v. Florida*, 130 S.Ct. at 2564. In addition, a petitioner must show a causal link between the acts of his trial counsel and the untimeliness of his federal Petition. *See Spitsyn v. Moore*, 345 F.3d 796,

**MEMORANDUM DECISION AND ORDER - 9**

799 (9th Cir. 2003).

In this case, none of the factual allegations cited by Petitioner affected his ability to file a habeas corpus petition within one year after finality of his case (90 days after the conclusion of his direct appeal). Because Petitioner has not shown any causal link between these factual allegations and the late habeas corpus petition, this argument does not support application of equitable tolling.

## REVIEW OF THE CLAIMS AND THE COURT'S DECISION
## FOR PURPOSES OF CERTIFICATE OF APPEALABILITY

Upon dismissal or denial of a habeas corpus petition, the Court is required to evaluate the claims within the petition for suitability for issuance of a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases. A petitioner's appeal cannot proceed without obtaining a COA and filing a timely notice of appeal.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed a petition or claim on procedural grounds, in addition

to showing that the petition "states a valid claim of the denial of a constitutional right," as explained above, the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has dismissed Petitioner's claims on procedural grounds. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record thoroughly, the Court concludes that reasonable jurists would not find debatable the Court's decision on the procedural issues and that the issues presented are not adequate to deserve encouragement to proceed further. The Court has carefully searched the record and reviewed the law independently of what Respondent has provided to satisfy itself that justice has been done in this matter where Petitioner is representing himself pro se and has limited access to legal resources. As a result of all of the foregoing, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner must file a notice of appeal in this Court, and simultaneously file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b), **within thirty (30) days after entry of this Order**.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion to Withdraw Motion to Expedite (Dkt. 17) is GRANTED, and, as a result, Petitioner's Motion to Expedite (Dkt. 9) is DENIED as MOOT.

2. Petitioner's Motion Requesting Change of Respondent (Dkt. 10) is DENIED. It appears that Respondent Johanna Smith is currently warden of ISCI, where Petitioner resides, and Randy Blades, the proposed substitute respondent, is warden of IMSI.

3. Petitioner's Motion in Support of Issuance of Subpoena (Dkt. 12) is DENIED as MOOT because Petitioner has made no showing that any items requested are pertinent to the timeliness question at issue.

4. Petitioner's Motion for Extension of Time to Respond to Motion to Dismiss (Dkt. 18) is GRANTED. Petitioner's Response (Dkt. 21) is deemed timely, and has been considered by the Court.

5. Petitioner's Motion for Court to Forgo Formalities (Dkt. 20) is GRANTED to the extent that the Court has considered and liberally construed all of Petitioner's filings in this case, whether overlength or not.

6. Respondent's Motion for Summary Dismissal (Dkt. 15) is GRANTED. Petitioner's Petition for Writ of Habeas Corpus (Dkt. 3) is DISMISSED with prejudice.

7. The Court will not grant a Certificate of Appealability in this case. If Petitioner chooses to file a notice of appeal, the Clerk of Court is ordered to

forward a copy of this Order, the record in this case, and Petitioner's notice of appeal, to the United States Court of Appeals for the Ninth Circuit.

DATED: **June 22, 2011**



_____
Honorable B. Lynn Winmill
Chief U. S. District Judge